O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL LOPEZ, | CASE NO. SA CV 14-1369 SVW (RZ) |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CITY OF SANTA ANA, ET AL., | |
| Defendants. | |

Plaintiff appears to claim that he was wrongfully arrested for an unspecified alleged parole violation, never proven, and not released until he had spent 67 days in a dangerous and substandard jail. He sues several officials and the City of Santa Ana for a morass of claims and quasi-claims. The Court will dismiss the overlong, speechifying and confusing civil rights complaint, with leave to amend, for several reasons discussed below, but principally because Plaintiff states no "short and plain" entitlement to relief.

## I.

## NO "SHORT AND PLAIN" STATEMENT

**A.    Applicable Law**

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

Here, the complaint is neither "short" nor "plain." Even though some of its pages improperly are not double-spaced, *see* CIV. L.R. 11-3.6, it is 55 pages long. But it is not the complaint's length *per se* that troubles the Court. What is troubling is how much shorter the pleading could be without losing any clarity (although it likely would thereby gain much). The Court refers Plaintiff to the admonitions of Circuit Judge Arthur Alarcón:

> . . . Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
>
> . . .
>
> Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

> 1  **Plaintiff must eliminate from plaintiff's pleading all preambles,**
> 2  **introductions, argument, speeches, explanations, stories, griping,**
> 3  **vouching, evidence, attempts to negate possible defenses, summaries, and**
> 4  **the like.** *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming
> 5  dismissal of § 1983 complaint for violation of Rule 8 after warning); *see*
> 6  *Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759
> 7  (1998) (reiterating that "firm application of the Federal Rules of Civil
> 8  Procedure is fully warranted" in prisoner cases).
>
> 9  A district court must construe pro se pleading "liberally" to determine
> 10 if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his
> 11 complaint and give a plaintiff an opportunity to cure them. *See Lopez v.*
> 12 *Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual
> 13 allegations must be enough to raise a right to relief above the speculative level
> 14 on the assumption that all the allegations in the complaint are true (even if
> 15 doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555,
> 16 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).
>
> 17 **The court (and any defendant) should be able to read and**
> 18 **understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at
> 19 1177. A long, rambling pleading, including many defendants with
> 20 unexplained, tenuous or implausible connection to the alleged constitutional
> 21 injury or joining a series of unrelated claims against many defendants very
> 22 likely will result in delaying the review required by 28 U.S.C. § 1915 and an
> 23 order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation
> 24 of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

What is a "short and plain" statement of a claim? The Ninth Circuit in *McHenry,* one of the cases cited by Circuit Judge Alarcón above, illustrated this by quoting from an official federal form, one for negligence, as follows:

> The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:
>
> 1. [Allegation of jurisdiction.]
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of \_\_\_\_\_ dollars and costs.
>
> FED. R. CIV.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and understood in minutes.

*McHenry*, 84 F.3d at 1177. "By contrast," the *McHenry* court lamented, "the complaint in the case at bar is argumentative, prolix, replete with redundancy and largely irrelevant. It consists largely of immaterial background information." *Id*.

**B.    Discussion**

Just so here. Instead of alleging the operative facts simply and without argument, Plaintiff devotes much of the complaint to "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." Instead of beginning with the main point – "I was falsely arrested on a rape accusation[1] that the defendants should have known was baseless, then jailed in poor conditions," for example – and then supporting the point factually, Plaintiff circles and circles rhetorically, only coming to the main point dozens of pages later, if at all. To cite only a few examples:

\*      Plaintiff introduces himself with the following two paragraphs better suited to a social introduction than a legal complaint:

---

[1] In contrast with Plaintiff, who appears never to indicate the stated basis for his arrest, the California Court of Appeal got right to the point in discussing what happened to him – or a person with the same name as Petitioner and similar predicament – in this June 2013 opinion:

> Jose Manuel Lopez appeals from an order denying his petition made under Penal Code section 851.8, to seal and destroy records and to find him factually innocent. The decision made by the trial court was based on conflicting evidence. It is the trial court's duty, not ours, to decide credibility issues. We therefore affirm the order.
>
> **Defendant admittedly engaged in a sexual encounter with a woman he had picked up at a bus stop. He claimed it was consensual; she denied consent.** The trial court reviewed extensive documentation, permitted defendant, who appeared in pro. per., to give an extensive unsworn statement, heard testimony of defendant's brother, and thereafter ruled "there is reasonable cause that you were arrested and reasonable cause that you are not factually innocent in the matter. So your motion is denied." The fact the district attorney declined to prosecute him does not establish his factual innocence.

*People v. Lopez*, No. G047176, 2013 WL 2608698 (Cal. Ct. App. 4 Dist., June 12, 2013) (emphasis added).

- 5 -

14. The Plaintiff In Pro Se Jose Manuel Lopez, is a 38 years of age male who has enjoyed a life full of inner successes. Reflective at being in promotion of education, good health, prosperity, joy, moderation, fairness, equality and a pursuit of happiness.

15. He is spiritual, has core beliefs and values in living righteously. The plaintiff believes justice is correct and is law abiding.

\* Plaintiff frequently quotes lengthy, irrelevant passages from handbooks, manuals, charters and similar tomes, thus wasting paper, ink and time. For example, he devotes a full page of boilerplate to introducing the City of Santa Ana. Apparently cribbing from the City's charter, he alleges that "The City has all other rights, powers and privileges which are not prohibited by, or in conflict with, the State Constitution or this charter and which it would be proper to specifically set forth in this charter, even though such are not herein set forth." Comp. ¶ 8; *see generally* Santa Ana, Cal., Ordinances Pt. I (Charter) (portion quoted is Pt. I, art. II, § 200 (Powers of the City), available at https://library.municode.com/HTML/14452/level2/PTITHCH_ARTIIPOCI.html). None of this has any relevance to any claim against the City or any other Defendant.

\* Plaintiff routinely applies opinionated labels to descriptions that are supposed to be entirely factual. For example, in paragraph 25 of the complaint, Plaintiff describes, in overlong, repetitive fashion, a communication he received in jail three days after his arrest:

> [T]he plaintiff received one . . . Inmate Message Slip dated
> February 08, 201[2]. Indicating to the plaintiff that the only

>                   reason. As to why the plaintiff was in the custody of the
>                   Sheriff's Department. Was that the plaintiff's former Parole
>                   Agent Jesse Ordaz. The State of California Department of
>                   Corrections and Rehabilitation . . . . Was holding the plaintiff at
>                   jail as a direct result of the defendant's [*sic*] *false* allegations
>                   made against the plaintiff.

(Emphasis added.) Plaintiff does not explain how the allegations were false. He simply states this conclusion. Worse, this paragraph raises more questions than it answers. Who is "the defendant" who allegedly accused Plaintiff falsely? Plaintiff is not suing the complaining witness who presumably reported a rape. Moreover, if Plaintiff asserts that Parole Agent Ordaz *knew* Plaintiff to have been innocent yet had Plaintiff arrested anyway, then why is Ordaz not among the defendants? But perhaps the most important question is *why* Plaintiff pleads in this manner. Why, at the above-quoted point – only ten pages into a 55-page complaint – has Plaintiff still not mentioned the word "rape" or otherwise stated in any clear terms just what happened to him other than that he was falsely arrested for nefarious reasons, for which several *unsued* persons are responsible, among others.

       To avoid repetition of this kind of pleading, any First Amended Complaint (1AC) shall not exceed 15 pages, exclusive of exhibits, and shall conform to the other admonitions noted in this Order.

## II.

### FAILURE TO STATE SEPARATE LEGAL CLAIMS (Claims 1 and 3)

       Even in *pro se* cases, plaintiffs must state their various claims, each identifying a discrete alleged violation of the Constitution. *See Bautista v. Los Angeles County*, 216 F.3d 837, 839-40 (9th Cir. 2000). Separating the complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Id.* at 840-41 (*quoting Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)) (*citing* FED. R. CIV. P. 10(b) *and* JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 10.03[2][a] (3d ed. 1997)).

Here, although Plaintiff's six claims are physically "separate," his first claim is a many-headed hydra:

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Denial of Rights Violation(s) [*sic*] of Eighth & Fourteenth Amendment**
**To The United States Constitution**
**Civil Rights Violations**
**Freedom of Speech, Assembly and Association**
**Freedom From Cruel and Unusual Punishment and From the State Occasioned Harm**

He then devotes ten full pages – an astonishing indulgence, in light of the fact that Claim 1 already incorporates the preceding *25 pages* of loose factual allegations – to setting forth essentially *the same story he just finished telling*: he was wrongfully arrested by a conspiracy of government agents, threatened that he might spend a long time in prison, kept in a Dickensian jail, and so on, and on.

Similarly, Plaintiff bases Claim 3 on not only the Equal Protection Clause but also the Due Process Clause of the Constitution. Perhaps he can state a valid claim based on each provision, but he must do so in separate claims.

In any amended complaint, Plaintiff must state *separate* claims for relief, each including –

(1) a *single* civil right, not two or more, that defendant(s) allegedly violated, *e.g.*, the right not to be subjected to Cruel and Unusual Punishment under the Eighth Amendment; and

(2) *as to each count of each claim,* the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim.*

(In fairness to Plaintiff, he appears to limit Claims 2, 4, 5 and 6 to single legal bases.)

### III.
### OTHER INFIRMITIES APPEAR TO EXIST

Before concluding, the Court stresses that the foregoing flaws may not be an exhaustive list. Indeed, the Court doubts that it is. (For example, although Claim 4 is captioned as being based on *federal* due process concerns, Plaintiff's supporting allegations immediately turn to assertions that the *California* constitution was violated – and, later, to yet another recitation that he suffered "cruel and unusual punishment." *See* Comp. ¶¶ 113-114, 117. Plaintiff must only assert legal claims for which he can allege sufficient specific factual support, rather than venting his using quasi-legal terminology.) But the flaws already noted, particularly the long and confusing nature of the complaint, make it unreasonably difficult for the Court to screen for additional shortcomings.

### IV.
### CONCLUSION

Based on the foregoing, the Court hereby DISMISSES the complaint, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another

1   dismissal, the 1AC must correct the deficiencies identified in this Order – including
2   the 15-page length limitation, among others – and must comply with the Federal
3   Rules of Civil Procedure and this Court's Local Rules.  The 1AC must be complete
4   in itself and must not refer to any prior version of the complaint.

5   (2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days**
6   of the filing date of this Order.  If Plaintiff timely files such a Notice, then the
7   undersigned will recommend to the assigned District Judge that this action be
8   dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above.  *See*
9   *Edwards v. Marin Park*, *Inc*., 356 F.3d 1058, 1063-66 (9th Cir. 2004).

10  (3) **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a
11  document pursuant to either option 1 or 2 above within the 30-day deadline, then the
12  Court shall deem him to have consented to dismissal of this action for failure to
13  prosecute and for failure to comply with this Order.  *See id*.

14  **The Court cautions Plaintiff that if he fails to file a timely amended**
15  **complaint or otherwise fails to comply substantially with the terms of this Order, then**
16  **this action may be dismissed.**

17  IT IS SO ORDERED.

19  DATED:  September 10, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 10 -