1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10

11   JOSE MANUEL LOPEZ,                    **Case No. CV 14-01369 SVW (RAO)**

12                   Plaintiff,

13          v.                             **ORDER ACCEPTING SECOND
                                           INTERIM REPORT AND**
14   CITY OF SANTA ANA, et al.,            **RECOMMENDATION OF UNITED
                                           STATES MAGISTRATE JUDGE**
15                   Defendants.

16

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended

18   Complaint ("FAC"), all the records and files herein, the Second Interim Report and

19   Recommendation of United States Magistrate Judge ("Report"), Plaintiff Jose

20   Manuel Lopez's Objections, and Defendant City of Santa Ana's Response to

21   Plaintiff's Objections.  After having made a *de novo* determination of the portions

22   of the Report to which Plaintiff's Objections were directed, the Court concurs with

23   and accepts the findings and conclusions of the Magistrate Judge.

24          Petitioner raised a new argument in his objections that was not presented to

25   the Magistrate Judge.  He contends that his false arrest and imprisonment claims are

26   timely because he continues to be harmed by the false imprisonment that allegedly

27   occurred on February 5, 2012.  *See, e.g.*, Plaintiff's Objections at p. 89, ECF No.

28   134-2 at p. 23 ("[T]he defendants continued to trigger the Statute of Limitations.

1  For civil right(s) violation(s) and the plaintiff's claim for damages has not begun to

2  run, or has not been barred to any metric measure of time. As the plaintiff's false

3  arrest police report from the defendant's [sic] is still a matter of public record."). In

4  other words, Plaintiff claims that there is a "continuing violation" of his rights,

5  which delay the accrual of his claims. The Court is not required to consider new

6  arguments in the objections to a report and recommendation, but it will exercise its

7  discretion to consider Plaintiff's argument that his false arrest and imprisonment

8  claims are timely under the continuing violation doctrine. *See Brown v. Roe*, 279

9  F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22

10  (9th Cir. 2000).

11       The Court concludes that Plaintiff's continuing violation argument does not

12  affect or alter the analysis and conclusions set forth in the Report. Prior to the

13  United States Supreme Court's decision in *National R.R. Passenger Corp. v.*

14  *Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), a plaintiff could

15  bring claims for discriminatory acts occurring outside the limitations period if he

16  could show a series of related acts one or more of which are within the limitations

17  period. In *Morgan*, however, the Supreme Court rejected the "related acts" theory,

18  holding that discrete discriminatory acts are "not actionable if time barred, even

19  when they are related to acts alleged in timely filed charges." 536 U.S. at 113.

20  Instead, each discriminatory act "starts a new clock for filing charges alleging that

21  act." *Id.* Consequently, each discrete act gives rise to a separate constitutional

22  claim for purposes of the statute of limitations. *See Carpinteria Valley Farms, Ltd.*

23  *v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003).

24       Here, Plaintiff alleges that he was falsely arrested on February 5, 2012.

25  FAC, ¶¶ 14-15, 17. He was then falsely imprisoned for sixty-seven days, being

26  released without charge on April 12, 2012. *See id.*, ¶ 25. A claim for false arrest

27  and imprisonment arises when the imprisonment ends. *Wallace v. Kato*, 549 U.S.

28  384, 389, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Thus, Plaintiff has alleged a

2

1  discrete act that was actionable only until April 12, 2014, several months before
2  Plaintiff lodged his initial complaint in the instant action on August 26, 2014.

3       Plaintiff's claim that he continues to be harmed because of the existence of a
4  police report of Plaintiff's arrest does not constitute a discrete act.  A "continuing
5  violation is occasioned by continual unlawful acts, not by continual ill effects from
6  an original violation."  *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).  The
7  alleged harm that Plaintiff suffers from the existence of the police report is an "ill
8  effect" or consequence of his purported false arrest and imprisonment, not a
9  discrete act.

10      IT IS THEREFORE ORDERED that Defendant City of Santa Ana's Motion
11 for Judgment on the Pleadings is granted and that Plaintiff's claims against
12 Defendant City of Santa Ana are dismissed without leave to amend.

13
14 DATED:  10/8/15
15
16                                    STEPHEN V. WILSON
                                      UNITED STATES DISTRICT JUDGE
17
18
19
20
21
22
23
24
25
26
27
28